**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

(1) LESA MORAN,

Plaintiff,

v.

(2) GEICO CASUALTY COMPANY,

Defendant.

Case No.: 15-cv-579-JED-PJC
*(Formerly Tulsa County District Court Case No.: CJ-2015-3425)*

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446(b), Defendant GEICO Casualty Company ("GEICO" or "Defendant"), hereby removes the above-captioned lawsuit from the District Court in Tulsa County, State of Oklahoma to this Court. Pursuant to LCvR 81.2, a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBIT 1-3**.

The removal of this case to federal court is based on the following:

**FACTUAL BACKGROUND**

1. On December 20, 2013, Lesa Moran ("Plaintiff") was a passenger in a vehicle driven by Terra Carlock that was involved in an automobile accident ("Accident") with another driver named Rachael Gaudet. Plaintiff claims the Accident was a result of Rachael Gaudet's negligence. (*See* Petition, Tulsa County Case No. CJ-2015-3425, ¶ 6, **EXHIBIT 2**.)

2. Plaintiff alleges that as a result of Rachael Gaudet's negligence, Plaintiff sustained personal injuries. (*See* Petition, ¶ 8, **EXHIBIT 2**.)

3. At the time of the Accident, Rachel Gaudet was insured under an automobile insurance policy issued by Bankers Insurance Company. The policy of insurance provided $25,000.00 per person/$50,000.00 per accident in liability coverage to Rachel Gaudet.

4. At the time of the Accident, Terra Carlock was insured under an automobile insurance policy issued by GEICO, policy number 4328-10-52-02 (the "Policy"). The Policy provides uninsured motorist/underinsured ("UM/UIM") benefits in the amount of $25,000.00 per person/$50,000.00 per accident. (*See* Declarations Page for Policy No. 4328-10-52-02, attached as **EXHIBIT 4**.)

5. On or about January 7, 2014, Plaintiff made a claim under the Policy for UM/UIM benefits. (*See* Petition, ¶ 9, **EXHIBIT 2**; correspondence from Plaintiff's counsel to Aaron Buffington, dated January 7, 2014, attached as **EXHIBIT 5.**)

6. Several months later, on or about August 25, 2014, Plaintiff mailed a formal demand letter to GEICO outlining her claim of $120,171.79 in damages and demanding the lesser of $100,000.00 and the Policy's UM/UIM policy limits. (*See* Petition, ¶ 14, **EXHIBIT 2**; correspondence from Plaintiff's counsel to Aaron Buffington, dated August 25, 2014, attached as **EXHIBIT 6.**)

7. Subsequently, GEICO responded to Plaintiff's demand letter and informed Plaintiff that it had evaluated Plaintiff's claim for UM/UIM benefits within Rachael Gaudet's $25,000.00 liability limits. GEICO specifically stated that Plaintiff had submitted only $10,717.77 in medical bills and no documentation supporting a claim of loss of income, but invited Plaintiff to submit any additional information that it wished to be considered in GEICO's evaluation. (*See* Petition, ¶ 15, **EXHIBIT 2**; correspondence from Kelly Wallace to Plaintiff's counsel, dated September 11, 2014, attached as **EXHIBIT 7**.)

8. On September 17, 2015, Plaintiff filed suit against GEICO in the District Court of Tulsa County. (*See* Petition, **EXHIBIT 2**.) Plaintiff alleges a claim for breach of contract and seeks damages in excess of $75,000.00 for this theory of liability. (*See* Petition, ¶ 23, **EXHIBIT 2** .)

9. Plaintiff also alleges a claim for breach of GEICO's duty of good faith and fair dealing and seeks damages in excess of $75,000.00 for this theory of liability. (*See* Petition, ¶ 29, **EXHIBIT 2**.)

10. Plaintiff further alleges that GEICO's "breach of the duty of good faith and fair dealing was intentional and malicious." As such, Plaintiff claims punitive damages should be awarded against GEICO "in an amount sufficient to punish Defendant and to deter others." (*See* Petition, ¶¶ 30-31, **EXHIBIT 2**.)

**COMPLETE DIVERSITY EXISTS**

11. "'Federal Courts are courts of limited jurisdiction. They posses only the power authorized by the Constitution and statute . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction. At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See generally* Petition, **EXHIBIT 2**.)

12. However, as of the moment Plaintiff filed her Petition, diversity of jurisdiction existed. Specifically, as the date of Plaintiff filing her Petition, pursuant to U.S.C. § 1332 (a)(2), this action is a civil action over which this Court has original jurisdiction. It is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as shown below.

13. At the time of filing, the relevant time period, upon information and belief, Plaintiff was a citizen and resident of the state of Oklahoma. (*See* Petition ¶ 1, **EXHIBIT 2**.) (*See also Groupo Dataflux v. Atlas Global Group*, L.P., 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing). At the time of filing, Plaintiff was not a citizen of the State of Maryland or Washington D.C. (*See* Petition, ¶ 1, **EXHIBIT 2**.)

14. For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never defined exactly what is a "principal place of business," the Supreme Court recently held unanimously that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

15. At the time of filing, GEICO was a foreign corporation, incorporated under the laws of the State of Maryland with its "nerve center" or "principal place of business" in Washington, D.C. GEICO was not a citizen of the State of Oklahoma. (*See* NAIC Company Demographics for GEICO Casualty Company, attached as **EXHIBIT 8**.)

16. As Plaintiff and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

**THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION**

17. Diversity jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. This requirement is also met.

18. Last December in *Dart Cherokee Basin Operating Co., LLC v. Owens*, the United States Supreme Court held that "a defendant's notice of removal need only include a plausible

allegation that the amount in controversy exceeds the jurisdictional threshold."135 S.Ct. 547, 553 (2014).

19. Applying *Dart Cherokee Basin Operating Co.*, the United States District Court for the Western District of Oklahoma recently stated that "the United States Supreme Court made it clear that 'a defendant's notice of removal need include only a short and plain statement with a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain any evidentiary submissions." *Whisenant v. Sheridan Production Co., LLC*, No. CIV-15-81-M, 2015 WL 4041514 at *2 (W.D. Okla. Jul. 1, 2015); *see also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015).

20. In the present action, Plaintiff has alleged injuries in the Petition in excess of $75,000.00. (*See* Petition, ¶¶ 23, 29, **EXHIBIT 2**.) Plaintiff's pleading places at minimum, $75,000.01 in controversy.

21. Therefore, as disclosed by the pleadings, the amount in controversy requirement is met.

**REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE**

22. Pursuant to 28 U.S.C § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . .." On September 23, 2015, pursuant to 36 O.S. § 621(B), GEICO was served with this lawsuit. (*See* Certificate of Service by Mail, **EXHIBIT 3**.)

23. Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Petition, filed on September 17, 2015, **EXHIBIT 2**.)

24. Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of

Removal in "The District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of Tulsa County, State of Oklahoma. The Northern District of Oklahoma includes the County of Tulsa County. *See* 28 U.S.C. § 116(a). Therefore, removal to this Court is proper.

25. Pursuant to 28 U.S.C. § 1446(d), GEICO will serve written notice of the filing of this Notice of Removal upon Plaintiff, and GEICO has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma.

WHEREFORE, Defendant, GEICO General Insurance Company, removes this action from the District Court in and for Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

s/ Gerard F. Pignato
Gerard F. Pignato, OBA No. 11473
PIGNATO, COOPER, KOLKER
& ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone: 405-606-3333
Facsimile: 405-606-3334
Email: jerry@pclaw.org
**ATTORNEYS FOR DEFENDANT,**
**GEICO CASUALTY COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Simone Gosnell Fulmer, Esquire

I hereby certify that on October 13, 2015, I served the same document by U.S. Mail on the following who is not a registered participant of the ECF system:

Sally Howe Smith, Court Clerk
Tulsa County Court Clerk
2nd Floor Tulsa County Courthouse
500 South Denver
Tulsa, OK 74103-3832

***VIA U.S. MAIL***

s/ Gerard F. Pignato
For the Firm